IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRON OFFUTT

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Case No. 25-CV-02143-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Tyron Offutt brings the instant Petition to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Following a jury trial in December 2022, Petitioner Offutt was found guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and two counts of distribution of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). *See United States v. Offutt*, No. 21-cr-30029-SPM (S.D. Ill. Dec. 8, 2022) (Doc. 158). On June 6, 2023, this Court sentenced Offutt to a total term of 300 months' imprisonment followed by four years of supervised release, and a $300 fine and $300 special assessment. *See id.* (Docs. 192, 193). Offutt filed a timely Notice of Appeal on June 16, 2023. *See id.* (Doc. 120). The Court of Appeals for the Seventh Circuit affirmed his conviction on November 25, 2024. *See United States v. Offutt*, 122 F.4th 268, 272 (7th Cir. 2024). Offutt's conviction became final on December 17, 2024.

*Offutt*, No. 21-cr-30029-SPM (Doc. 230).

Offutt filed the per § 2255 Petition attacking his sentence on December 3, 2025. (Doc. 1). In his Petition, Offutt alleges eight grounds for relief: (1) improper application of the career-offender enhancement; (2) an incorrect criminal-history category; (3) an erroneous drug-purity calculation resulting in an inflated offense level; and (4–8) several claims of ineffective assistance of counsel.

Here, Petitioner's first three grounds of relief directly challenge the calculation of his guideline range, which are not cognizable errors under a section 2255 petition. First, Petitioner challenges his designation as a career-offender. (Doc. 1 p. 6). The career-offender enhancement, once designated, may increase the offense level faced by the defendant as well as automatically place the defendant into the Criminal History Category VI. *United States v. Stewart*, 148 F.4th 501, 504 (7th Cir. 2025) (citing U.S.S.G. § 4B1.1(b)).

In *Hawkins v. United States*, the Seventh Circuit recognized that "not every error is corrigible in a post-conviction proceeding, even if the error is not harmless." 706 F.3d 820, 823 (7th Cir. 2013). Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir.2013). "[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993). Specifically, the court in *Hawkins* held that an "error in calculating the Guidelines range did not constitute a miscarriage of

justice for § 2255 purposes given the advisory nature of the Guidelines." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014). Accordingly, Ground One does not survive Rule 4 review, and must be dismissed.

Ground Two, challenging Offutt's criminal history category, fails for the same reason. A claim alleging that a defendant's criminal history category can only survive if the error involved a violation of constitutional rights. *Hawkins*, 706 F.3d at 916–17. Finality in the criminal process is strongly favored, especially when appellate remedies have been exhausted and the guidelines are "merely advisory[.]" *Id.* at 822–24. Because Ground Two alleges no constitutional defect, it must too be dismissed.

Ground Three challenges the offense-level calculation for the methamphetamine counts, asserting that the drug samples were insufficiently pure and should have been treated as a mixture. (Doc. 1, p. 7). Offutt does not identify what offense level he believes should have applied. Regardless, § 2255 relief is available only where a sentence involves a "fundamental defect" causing a "complete miscarriage of justice" or a violation of due process. *United States v. Timmreck*, 441 U.S. 780, 783–84; *Hill v. United States*, 368 U.S. 424, 428. A dispute over drug purity and resulting offense level does not meet this standard and is therefore not cognizable for relief under section 2255. *See United States v. Addonizio*, 442 U.S. 178, 185–87; *Soto v. United States*, 37 F.3d 252, 254 (7th Cir.1994); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *Scott*, 997 F.2d at 342–43.

Petitioner's remaining grounds—Grounds Four through Eight—assert ineffective assistance of counsel. Ineffective assistance of counsel claims may be brought for the first time under a section 2255 petition. *See Massaro v. United States,*

538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Without commenting on the merits of the claim, the Court concludes that the Petition's Grounds Four through Eight survive preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Offutt is not entitled to relief pursuant to § 2255.

## DISPOSITION

Petitioner's Grounds One through Three are hereby **DISMISSED without prejudice**.

**IT IS HEREBY ORDERED** that Respondent United States of America shall answer or otherwise plead in relation to the Petition's Grounds Four through Eight on or before June 19, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

**IT IS SO ORDERED.**

**DATED: May 20, 2026**

        **STEPHEN P. McGLYNN**
        **U.S. District Judge**