IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRON OFFUTT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 25-CV-02143-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Petitioner Tyron Offutt's Motion for Certificate of Appealability. (Doc. 11). Offutt seeks to appeal the Court's decision to dismiss grounds one through three of his § 2255 petition without prejudice. (Doc. 2). For the reasons set out below, Petitioner Tyron Offutt's Motion for Certificate of Appealability is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial in December 2022, Offutt was found guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and two counts of distribution of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). *See United States v. Offutt*, No. 21-cr-30029-SPM (S.D. Ill. Dec. 8, 2022) (Doc. 158). Offutt was sentenced to a total term of 300 months' imprisonment followed by four years of supervised release, a $300 fine, and a $300 special assessment. *See id.* (Docs. 192, 193). Offutt's conviction was affirmed by the Court of Appeals for the Seventh

Circuit on November 25, 2024. *See United States v. Offutt*, 122 F.4th 268, 272 (7th Cir. 2024).

On December 3, 2025, Offutt filed a Petition to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Offutt's petition alleged eight separate grounds for relief. (*Id.*). On preliminary review of Offutt's petition under 28 U.S.C. §2254, this Court dismissed grounds one, two, and three without prejudice because they directly challenged the calculation of Offutt's guideline range. (Doc. 2). The Court allowed the remainder of the petition to proceed and ordered Respondent United States of America to answer or otherwise respond. (*Id.*).  Offutt filed a Notice of Appeal and this Motion for Certificate of Appealability seeking to appeal the Court's Order dismissing grounds one through three of his petition without prejudice. (Docs. 7, 11).

## LEGAL STANDARD AND ANALYSIS

"In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233 (1945). More specifically, a final decision is one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995).

Here, there is no final judgment because this Court allowed five of Offutt's eight grounds to proceed. (Doc. 2). A habeas petitioner may not appeal an

interlocutory order. *Stewart v. Bishop*, 403 F.2d 674, 678 (8th Cir. 1968); *Cf. Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 345 (1913). Therefore, Offutt's appeal is premature.

## CONCLUSION

For the reasons set forth above, Petitioner Tyron Offutt's Motion for Certificate of Appealability (Doc. 11) is **DENIED.**

**DATED: June 25, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**