**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TYRON OFFUTT,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Case No. 25-CV-02143-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Petitioner Tyron Offutt's, a federal inmate at FCI Victorville Medium I, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). After conducting its preliminary review, the Court dismissed Claims One through Three and directed the United States to respond to Claims Four through Eight. (Doc. 2). The United States filed its Response on July 15, 2026. (Doc. 16). For the reasons set forth below, Petitioner Tyron Offutt's Motion is **DENIED**.

## RELEVANT FACTS AND PROCEDURE

On February 3, 2021, following an investigation by the FBI's Southern Illinois Transnational Organized Crime Task Force, and two controlled purchases of methamphetamine using a confidential source ("CS"), investigators executed a search warrant at Petitioner's residence. (*USA v. Offutt*, No. 21-CR-30029-SPM, Docs. 1,

96).[1] When the officers arrived at Petitioner's residence to execute the search warrant, they observed Petitioner leaving the residence, and Petitioner was arrested following a brief pursuit. (CR Doc. 96, p. 6). Officers recovered approximately an ounce of methamphetamine, two loaded firearms, marijuana, United States currency, and drug paraphernalia during the search. (*Id.*, p. 1).

February 4, 2021, Petitioner was charged by Criminal Complaint. (CR Doc. 1, p. 1). The Court appointed Dan Cronin of the Federal Public Defender's Office to represent Petitioner. (*Id.*, p.2). Mr. Cronin represented Petitioner through his detention hearing and the waiver of his preliminary hearing. (CR Docs. 17, 19, 20). On February 24, 2021, a grand jury returned an indictment charging Petitioner with possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. (CR Doc. 23). Due to a conflict of interest and a breakdown in communication, the Court granted Mr. Cronin's motion to withdraw as counsel on September 17, 2021. (CR Docs. 45, 46). The Court then appointed Rebecca Grosser as Petitioner's counsel. (CR Doc. 46). On September 22, 2021, a superseding indictment charged Petitioner with: Count 1, Possession with Intent to Distribute Controlled Substance, Methamphetamine; Count 2, Felon in Possession of a Firearm; and Counts 3 and 4, Distribution of Controlled Substance: Methamphetamine. (CR Doc. 48).

Ms. Grosser represented Petitioner through several bond modifications, a motion to suppress physical evidence, and a competency evaluation and hearing. (CR

---

[1] Subsequent references to the underlying criminal case are cited as "CR Doc." All other docket citations refer to the above-captioned civil case.

Docs. 53, 60, 69, 84, 100, 101, 104, 105). On September 30, 2022, Ms. Grosser moved to withdraw, citing an unwaivable conflict of interest. (CR. Doc. 128). The Court granted Ms. Grosser's motion on October 5, 2022, and appointed Bobby Bailey to represent Petitioner. (CR Doc. 130). Mr. Bailey filed two motions to suppress; one directed at the search warrant evidence and one at the video recordings made by the CS during the controlled purchases. (CR Docs. 144, 145). Both were denied. (CR Docs. 148, 150). Following a three-day jury trial, the jury deadlocked on Count 1 but convicted Petitioner on Counts 2 through 4. (CR Doc. 158).

In the months following his trial, Petitioner wrote the Court expressing dissatisfaction with Ms. Grosser's and Mr. Bailey's representation. (CR Docs. 164, 165). On April 10, 2023, Mr. Bailey moved to withdraw at Petitioner's request. (CR Doc. 169). At an April 24, 2023, hearing, the Court informed Petitioner that Mr. Bailey, his third appointed counsel, would be the last counsel the Court would appoint, and that Petitioner's options were to retain private counsel or proceed *pro se* at sentencing. (CR Docs. 174, 212). Petitioner elected to proceed *pro se*. *See* (CR Docs. 190, 191, 192). On June 6, 2023, Petitioner was sentenced to 300 months' imprisonment followed by four years of supervised release. (CR Doc. 194).

Petitioner timely appealed his conviction. (CR Doc. 198). The US Court of Appeal for the Seventh Circuit appointed the Office of the Federal Public Defender for the Central District of Illinois, and Johanna Christiansen represented Petitioner from July 11, 2023, through February 13, 2025. (Doc. 16-1, ¶ 3). The Seventh Circuit

denied Petitioner's appeal and affirmed his conviction. *United States v. Offutt*, 122 F.4th 268 (7th Cir. 2024).

On December 3, 2025, Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255. (Doc. 1). Following preliminary review, the Court dismissed Claims One through Three and directed the United States to respond to Claims Four through Eight. (Doc. 2). On July 6, 2026, Petitioner filed an Amended Motion alleging claims of ineffective assistance of counsel ("IAC"). (Doc. 15). The United States filed its Response in Opposition on July 15, 2026. (Doc. 16) The Response included the Declaration of Ms. Christiansen, (Doc. 16-1), and the Affidavit of Mr. Bailey. (Doc. 16-2). Petitioner filed a Reply on July 28, 2026. (Doc. 18). On July 31, 2026, the United States moved to strike portions of Petitioner's Reply. (Doc. 20).

## Legal Standard

A court must vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, relief under § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 726 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816

(7th Cir. 1996)). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

### I. Petitioner's Claims for Ineffective Assistance of Counsel

"The Sixth Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Petitioner's IAC claims may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). However, Petitioner "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995).

Claims of IAC are evaluated under a two-prong test. *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984); *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). A petitioner must establish (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687; *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021). To satisfy

the performance prong, the petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. To prove prejudice, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the court finds that the movant fails to establish deficient performance or prejudice, the claim fails. *See United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

**A. Claim Four – Felon in Possession of a Firearm**

Petitioner alleges that: (A) he was arrested without the firearm on his person; (B) he was unaware of his felon status because his prior conviction was sealed; (C) the government failed to prove he knew he was a felon; and (D) *Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional as applied to him. (Doc. 15-1, p. 4). Petitioner's attributes the conduct generally to "all prior counsel" rather than any specific attorney. (*Id.*).

Petitioner's allegation in that he was not arrested holding the firearm in sub-claim (A) does not, by itself, identify any attorney error, and it is not a cognizable basis for relief.

In sub-claims (B) and (C), Petitioner again does not identify any specific attorney or omission. Even so, Petitioner's allegation that his prior conviction was expunged is incorrect. Petitioner's prior conviction was sealed from the general public, but not law enforcement, and this was detailed at Petitioner's trial. (CR Doc. 188, pp. 77, 83–84). The jury was made aware of this fact and was instructed on the

legal difference between expunged and sealed. (CR Doc. 155, pp. 27–28). While we construe *pro se* Petitioner's claim liberally, his failure to allege any specific attorney error is detrimental to this claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, Petitioner's unsupported conclusory claims do not provide a basis for relief. *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

On sub-claim (D), Petitioner develops no legal argument for why *Bruen* applies to his conviction and "undeveloped arguments" are waived, "even where those arguments raise constitutional issues." *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006) (citation omitted). Therefore, Petitioner's Claim Four is denied.

**B. Claim Five – Mr. Cronin**

Petitioner alleges Mr. Cronin was ineffective for: (A) causing him to waive his preliminary hearing without adequate explanation; (B) failing to file pretrial suppression or dismissal motions; (C) failing to raise an entrapment defense; and (D) withdrawing without a colloquy. (Doc. 15-1, p. 6).

A preliminary hearing's function, testing whether probable cause exists to proceed, was thus performed by the grand jury regardless of what occurred at the waiver hearing. The Court need not resolve whether that Mr. Cronin's advisement to Petitioner was sufficiently thorough, because any deficiency would not be prejudicial. The preliminary hearing waiver form, signed by both Petitioner and Mr. Cronin, specifically recites that Petitioner knew of his right to a preliminary hearing and chose to waive it. (CR Doc. 19). Additionally, five days after Petitioner waived his

right to a preliminary hearing a grand jury independently found probable cause and indicted Petitioner on February 24, 2021. (CR Doc. 23).

The record reflects that Mr. Cronin did not file any motions for dismissal or suppression during his representation of Petitioner. However, the Court need not decide whether that omission was itself objectively unreasonable, because Petitioner cannot establish prejudice. Petitioner alleges that Mr. Cronin should have filed for suppression based on "deficient warrant and lack of probable cause" as to the search warrant and the vehicle search. (CR Doc. 15-1, p. 9). However, after Mr. Cronin withdrew, Petitioner's successor counsel made this argument in a motion to suppress, which this Court considered on the merits and rejected. (CR Doc. 96, pp. 3–8). Because the same argument was later made, on a complete record, and failed, there is no reasonable probability that an earlier filing by Mr. Cronin would have produced a different result.

An entrapment theory requires the defendant to come forward with evidence of a lack of predisposition and government inducement. *United States v. Anderson*, 55 F.4th 545, 549 (7th Cir. 2022). Petitioner offers no such evidence, only the assertion that Mr. Cronin once remarked the case "sounds like" entrapment. Counsel is not ineffective for declining to pursue a defense unsupported by any evidentiary showing. *See United States v. Boyd*, 86 F.3d 719, 723 (7th Cir. 1996) (explaining that the choice of which defenses to pursue is a tactical decision committed to counsel).

While the record confirms that Mr. Cronin's motion to withdraw was granted without any hearing. Mr. Cronin cited a conflict of interest and a breakdown in

communication as the reason for his withdrawal. (CR Doc. 45). Accordingly, Mr. Cronin's withdrawal was not an unreasonable act or omission. *See Washington v. Sherwin Real Estate, Inc.*, 649 F.2d 1081, 1088 (7th Cir. 1982) (finding that it is reasonable for an attorney to withdraw based on deteriorated communications with their client). Therefore, Petitioner's Claim Five for IAC based on Mr. Cronin's representation is denied.

**C. Claim Six – Ms. Grosser**

In Claim Six, Petitioner alleges that Ms. Grosser (A) filed a suppression motion without a memorandum of law as required by Local Rule 7.1; (B) failed to raise a defense based on Fourth Amendment grounds; (C) failed to respond to the government's motions in limine; and (D) failed to raise a Rule 12 defense. (Doc. 15-1, p. 10).

While Ms. Grosser did not file a memorandum of law in support of her motion to suppress, this did not prejudice Petitioner because the Court expressly declined to deny the motion on that basis alone. Instead, the Court rejected the motion on its merits, addressing both the address-particularity issue, and the vehicle search. (CR Doc. 96, p. 3) ("The Court is constrained to note that Offutt did not file a memorandum of law… In any event, the Motion lacks merit."). Because the Court reviewed the motion on its merits, there is no reasonable probability that a supporting memorandum would have changed the result.

Petitioner's allegation that Ms. Grosser failed to raise a Fourth Amendment defense is factually incorrect. Ms. Grosser's motion to suppress, filed March 24, 2022,

argued that the search warrant lacked probable cause and that no exception to the warrant requirement applied. (CR Doc. 84). The Court addressed both the warrant's particularity and the vehicle search under the search-incident-to-arrest and automobile-exception doctrines. (CR Doc. 96, pp. 3–8).

Petitioner does not identify which motions in limine Ms. Grosser failed to respond to or which Rule 12 defense she should have raised. Ms. Grosser filed suppression motions, and as previously discussed, Petitioner's conclusory allegations that fail to identify a specific omission cannot sustain relief. *Aleman*, 878 F.2d at 1012. Therefore, Petitioner's Claim Six for IAC based on Ms. Grosser's representation is denied.

**D. Claim Seven – Mr. Bailey**

Petitioner alleges Mr. Bailey was ineffective for (A) allowing the government to introduce evidence despite pending suppression motions; (B) failing to impeach FBI Agents Parker and Herzing regarding the arrest and search warrants; (C) failing to call certain witnesses, specifically April Smith, Deputy U.S. Marshal Lauren Patterson, and Officer James Ramsey; and (D) failing to raise sentencing objections, including to Petitioner's career-offender designation. (Doc. 15-1, p. 14).

Petitioner alleges that Mr. Bailey allowed the Government to introduce evidence from a wiretap, but the trial exhibit list contains no such references. The government's trial Exhibits One and Two were video recordings of the controlled purchases, which is consistent with the government's account that their CS wore a recording device during these transactions. Mr. Bailey cannot be ineffective for

"allowing" evidence that never existed, and Petitioner's speculation that an investigation would have shown the CS never called him does not address the government's video evidence or establish a reasonable probability of a different outcome. *See Brown v. Finnan*, 598 F.3d 416, 424–25 (7th Cir. 2010).

Petitioner separately argues that Mr. Bailey should have sought a *Franks* hearing based on Agent Parker's trial testimony that he did not recall participating in the search warrant application. Petitioner's argument fails both on timing and on the merits. Mr. Bailey's suppression motions were filed on December 4, 2022, three days before Agent Parker's testimony was given. (CR Docs. 144, 145). Additionally, *Franks* requires a substantial preliminary showing of a knowing or reckless falsehood in the affidavit at the time it was sworn, not a memory lapse in testimony given nearly two years later. *Franks v. Delaware*, 438 U.S. 154, 170 (1978); *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014).

Reviewing courts do not second guess the reasonable strategic decisions of attorneys. *United States v. Brooks*, 125 F.3d 484, 496 (7th Cir. 1997). Mr. Bailey's decision not to press Agent Parker further on his uncertain recollection was a reasonable tactical choice which the Court will not second guess.

Petitioner's claim that Mr. Bailey should have called Ms. Smith, Deputy Patterson, and Officer Ramsey as trial witnesses each requires separate treatment. Mr. Bailey's affidavit confirms he contacted Ms. Smith and was prepared to call her regarding the search warrant's address description. (Doc. 16-2, p. 2). However, the suppression theory that her testimony would have supported had already been raised

by prior counsel and rejected on the merits. *See* (CR Doc. 96, pp. 3–8). There is accordingly no prejudice from any decision not to call her at trial.

The parties dispute whether Petitioner ever asked Mr. Bailey to call Deputy Patterson and Officer Ramsey as trial witnesses. Mr. Bailey's affidavit states he was not informed of any such request, while Petitioner's motion asserts the opposite. (Doc. 15-1, p. 14; Doc. 16-2, p. 2). However, the Court need not resolve that factual conflict, because Petitioner has not made the threshold showing required regardless of who is correct. *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit," and "a defendant cannot simply state that the testimony would have been favorable")*; Brown v. McGinnis*, 922 F.2d 425, 428 (7th Cir. 1991) (petitioner "must make a comprehensive showing of what the potential witness' testimony would have been and how it would have produced a different result"). Petitioner offers neither an affidavit from Deputy Patterson or Officer Ramsey nor any proffer of what either would have said. Petitioner's own unsupported assertion that their testimony would have helped him is insufficient. *Ashimi*, 932 F.2d at 650.

Mr. Bailey was discharged from his representation of Petitioner before the June 6, 2023, sentencing hearing, at which Petitioner proceeded *pro se*. Petitioner cannot fault Mr. Bailey for objections not made at a hearing he did not attend and at which he no longer represented Petitioner. Therefore, Petitioner's Claim Seven for IAC based on Mr. Bailey's representation is denied.

**E. Claim Eight – Ms. Christiansen**

Petitioner's Claim Eight alleges that Ms. Christiansen was ineffective for (A) failing to appeal the denial of his suppression motions as to the arrest warrant, search warrant, and CS audio device; (B) failing to argue his "improper" career-offender enhancement, drug-purity calculation, and criminal-history calculation; (C) failing to make a Fourth Amendment argument and failing to file a petition for certiorari regarding the denied motion to suppress; and (D) generally depriving him of meaningful appellate review. (Doc. 15-1, p. 20–21).

Ms. Christiansen's declaration, (Doc. 16-1), addresses each point and why she was not deficient. Ms. Christiansen declined to appeal the trial court's ruling on the suppression issue because she reasonably relied on law that supported it lacked merit. Specifically, that the warrant's minor address discrepancy would not invalidate it where officers plainly knew the residence. (Doc. 16-1, ¶ 8); *see United States v. Kelly*, 772 F.3d 1072, 1081 (7th Cir. 2014) (explaining that a warrant's description is sufficient if an officer can, with reasonable effort, ascertain and identify the place intended). Additionally, recording from the CS audio device was lawful under the one-party-consent exception to Title III, 18 U.S.C. § 2511, leaving no viable suppression theory to raise on appeal. *United States v. Davenpoprt*, 986 F.2d 1047, 1049–50 (7th Cir. 1993) (holding that it is not ineffective assistance of counsel to refuse to raise an argument that has no hope of success).

Ms. Christiansen declined to challenge Petitioner's career-offender status because Petitioner's predicate offenses qualified as "controlled substance offenses,"

which reaches state offenses broader than federal law,[2] and because the "separate occasions" requirement Petitioner relies on applies only to the Armed Career Criminal Act. *United States v. Ruth*, 966 F.3d 642, 651–54 (7th Cir. 2020). Any potential recalculations based on criminal history or drug purity would not have mattered as career offenders receive Criminal History Category VI regardless of point total. Additionally, the career-offender offense level (34) already exceeded the drug-quantity level (30), and the higher one controls. U.S.S.G. § 4B1.1(b). Additionally, Petitioner's Fourth Amendment argument fails because the warrant was not invalid.

Finally, because none of the arguments Petitioner wanted raised on appeal are shown to be "obvious" and "clearly stronger" than the two Ms. Christiansen raised, there is no independent basis for the broader claim that her performance deprived him of meaningful appellate review. *Brown*, 598 F.3d at 425; *Lee v. Davis*, 328 F.3d 896, 900–01 (7th Cir. 2003). Therefore, Petitioner's Claim Eight for IAC based Ms. Christiansen's representation is denied.

## II. Government's Motion to Strike Portions of Petitioner's Reply

After the United States filed its Response, (Doc. 16), Petitioner filed a Reply. (Doc. 18). The United States filed a Motion to Strike, (Doc. 20), arguing that Petitioner's Reply improperly raises new claims not presented in the Amended Motion, and that Petitioner improperly renews arguments on Claims One through Three which were dismissed at preliminary review. (Doc. 20).

---

[2] The same Illinois definition Petitioner cites for the opposite conclusion.

Petitioner's Reply advances two theories that were not presented in his Amended Motion: first, that Grosser and Bailey failed to conduct a "thorough and creative investigation"; and second, that Cronin, Grosser, and Bailey were separately ineffective for not challenging the grand jury indictment or obtaining its transcripts. (Doc. 18, pp. 2–3). Neither theory appears in the Amended Motion. (Doc. 15-1).

A Petitioner may not bring arguments "for the first time in a reply brief." *U.S. v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008). However, material raised for the first time in a § 2255 reply is not a categorically barred. *See Harris v. United States*, 13 F.4th 623, 627–28 (7th Cir. 2021). New material may be considered if the government is not meaningfully prejudiced by the timing — particularly when a response to the reply would have required developing new facts, rather than addressing a purely legal question already implicit in claims before the court. *Id.*

The Reply also revisits Petitioner's criminal-history category, which was previously dismissed because sentencing-guideline calculation errors of this kind are not cognizable under § 2255 absent a constitutional or jurisdictional defect. *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013); *Blake*, 723 F.3d at 878–79. That defect is not cured by re-raising the argument in a reply.

Applying that standard, neither new theory survives. Both are entirely new grounds for relief, unconnected to any claim in Petitioner's Amended Motion, and the government has had no opportunity to respond to either. Therefore, the United States' Motion to Strike, (Doc. 20), is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Tyron Offutt's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As for Petitioner's claims of ineffective assistance of counsel, Petitioner has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: October 8, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**